**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

**MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.,**

    **Plaintiff,**

vs.                                     **CASE NO.: 1:05-CV-140-SPM**

**CHARLES CROMWELL,**

    **Defendant.**

_____/

**ORDER REMANDING CASE TO STATE COURT**

**THIS CAUSE** comes before the Court upon "Plaintiff's Motion for Remand to State Court . . . ." (doc. 7) filed September 12, 2005. For the reasons set forth below, the Court finds the motion must be granted.

First, 28 U.S.C. § 1446(b) provides the following deadlines for filing a notice of removal:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

Defendant was served with the complaint and notice of lis pendens on January 22, 2005. Defendant did not file the notice of removal until August 16, 2005–the same day a final judgment of foreclosure was entered. Thus, the notice was untimely and the

action cannot be removed to federal court.

Notwithstanding the timeliness issue, this action is barred by the Rooker-Feldman doctrine, which provides that federal courts do not have appellate jurisdiction over decisions rendered by state courts in civil proceedings.  *See* District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923).  The United States Supreme Court, in Exxon Mobil Corp v. Saudi Basic Industries Corp., 125 S.Ct. 1517 (2005), clearly states that the Rooker-Feldman doctrine applies "to cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the federal district court proceedings commenced and inviting district court review and rejection of those judgments." Id. at 1521-22.

Here, Defendant is attempting to contest the final judgment of foreclosure rendered against him by the Eighth Judicial Circuit Court of Florida on August 16, 2005. It is clear that his complaints arise from this state court proceeding, and this Court lacks jurisdiction to decide any issues Defendant might present.

Accordingly, it is

**ORDERED AND ADJUDGED** as follows:

1. Plaintiffs' Motion to Remand (doc. 7) is hereby *granted*.

2. All pending motions are denied as moot.

4:04cv450-SPM/AK

3.   The clerk shall immediately take all steps necessary to effect the remand of this case to the Eighth Judicial Circuit in and for Alachua County, Florida.

**DONE AND ORDERED** this <u>thirteenth</u> day of September, 2005.

<u>　　s/ Stephan P. Mickle　　　</u>
Stephan P. Mickle
United States District Judge

/pao